William G. Clark
Attorney General's Office
Senior Counsel
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| ARLENE'S FLOWERS, INC., d/b/a ARLENE'S FLOWERS AND GIFTS, and BARRONELLE STUTZMAN,<br><br>         Plaintiffs,<br><br> v.<br><br>ROBERT W. FERGUSON, in his official capacity as ATTORNEY GENERAL for the STATE OF WASHINGTON,<br><br>         Defendant. | NO. 13-cv-05094RMP<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendant, Robert W. Ferguson, in his official capacity as Attorney General for the State of Washington, hereby answers plaintiffs' complaint (which is <u>solely</u> for prospective declaratory and/or injunctive relief) as follows:

## ANSWER

1. Answering Part I (Introduction) of the Complaint, defendant responds that the allegations in Part I are legal contentions that do not require response in an Answer. To the

ANSWER AND AFFIRMATIVE DEFENSES
NO: 13-CV-05094RMP

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

1   extent that there may be factual matters asserted in this Part I of the Complaint, defendant denies the same in their entirety.

2.      Answering ¶ 1.1 of the Complaint, defendant admits that Arlene's Flowers, Inc. is a Washington corporation licensed to do business in conformity with the laws of Washington. Defendant denies each and every other allegation in ¶1.1 of the Complaint.

3.      Answering ¶1.2 of the Complaint, defendant lacks sufficient knowledge and/or information about the allegations in this paragraph and, therefore, denies the same.

4.      Answering ¶1.3 of the Complaint, defendant admits that Robert W. Ferguson is Washington's Attorney General. Defendant further admits that the Office of the Attorney General is vested with the legal authority to pursue civil enforcement proceedings against businesses and persons who violate Washington's laws, including Consumer Protection Act violations based in part upon violations of the Washington Law Against Discrimination. Defendant denies each and every other allegation in ¶1.3 of the Complaint.

5.      Answering ¶2.1 of the Complaint, defendant admits that RCW 7.24.010 provides statutory authority for an award of declaratory relief in appropriate cases. Defendant denies that this statute pertains to State court jurisdiction and denies each and every other allegation in ¶2.1 of the Complaint.

6.      Answering ¶2.2 of the Complaint, defendant admits that State courts may have authority to enter purely prospective declaratory and injunctive relief, pursuant to 42 U.S.C. §1983, for claimed violations of federal constitutional rights. Defendant further admits that *Sintra v. City of Seattle*, 119 Wn. 2d 1, 11 (1992), contains discussion about when a §1983 damages action can be asserted against a municipal corporation in State court. Defendant denies that there is an actionable §1983 claim alleged in the Complaint and denies each and every other allegation in ¶2.2 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES
NO: 13-CV-05094RMP

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

1  7. Answering ¶2.3 of the Complaint, defendant admits that RCW 7.40.010 provides statutory authority for a State court to issue temporary and/or permanent injunctive relief. Defendant denies that the statute pertains to State court jurisdiction and denies each and every other allegation in ¶2.3 of the Complaint.

  8. Defendant denies the allegation in ¶2.4 of the Complaint.

  9. Answering ¶¶3.1 through 3.4 of the Complaint, defendant lacks sufficient knowledge and/or information to admit or deny the allegations in these paragraphs and, therefore, denies the same.

  10. Answering ¶¶3.5 through 3.7 of the Complaint, defendant admits that some or all plaintiffs in this case sell flowers as part of a commercial business conducted in Washington. Defendant further admits that some or all plaintiffs in this case offer to sell flowers to the public for weddings. Defendant denies each and every other allegation in ¶¶3.5 through 3.7 of the Complaint.

  11. Answering ¶¶3.8 through 3.12 of the Complaint, defendant lacks sufficient knowledge and/or information to admit or deny the allegations in these paragraphs and, therefore, denies the same.

  12. Answering ¶3.13 of the Complaint, defendant admits that Washington's Laws of 2012, Ch. 3 (ESSB 6239) were duly enacted in 2012 and became effective in January of 2013 after a popular vote in favor of the legislation. Defendant denies each and every other allegation in ¶3.13.

  13. Answering ¶3.14 of the Complaint, defendant lacks sufficient knowledge and information regarding the specifics of the conversations alleged to have occurred and as specifically recounted in this paragraph and, therefore, denies the allegations.

  14. Defendant denies the allegations in ¶¶3.15 through 3.17 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES
NO: 13-CV-05094RMP

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

15. Answering ¶¶3.18 and 3.19 of the Complaint, defendant lacks sufficient knowledge and information about the specifics of the conversations addressed therein and, therefore, denies the allegations in these paragraphs.

16. Answering ¶3.20, defendant is without sufficient knowledge or information regarding the allegation in this paragraph and, therefore, denies this paragraph.

17. Answering ¶3.21 of the Complaint, defendant admits that the Office of the Attorney General notified plaintiffs of their violation of the State's consumer protection laws during the first quarter of 2013. This violation was based in part upon a violation of Washington's Law Against Discrimination. Defendant denies each and every other allegation in ¶3.21.

18. Answering ¶3.22 of the Complaint, defendant admits that the Office of the Attorney General became aware of the events underlying this case through information provided by the news media. Defendant denies each and every other allegation in ¶3.22.

19. Defendant admits the allegations in ¶3.23 of the Complaint.

20. Answering ¶3.24 of the Complaint, defendant admits that the State of Washington has not previously filed suit for a violation of the Consumer Protection Act that is based in part on a violation of RCW 49.60.030(3). Defendant denies each and every other allegation in paragraph 3.24 of the Complaint.

21. Answering ¶3.25 of the Complaint, defendant admits that the State of Washington, by and through its statutorily designated legal counsel, the Office of the Attorney General, initiated civil enforcement proceedings against plaintiffs. Defendant further admits that those proceedings concern violation(s) of Washington's Consumer Protection Act (RCW 49.60); including Consumer Protection Act violation(s) based in part on the Washington Law Against Discrimination (RCW 49.60.030(3)) and that enforcement of Washington's laws is an

ANSWER AND AFFIRMATIVE DEFENSES
NO: 13-CV-05094RMP

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

1 important part of the State's responsibility to its citizens. Defendant denies each and every other allegation in paragraph 3.25 of the Complaint.

22. Answering ¶3.26 of the Complaint, defendant admits that plaintiffs were sued as described in ¶21 of this Answer and denies each and every other allegation in ¶3.26.

23. Defendant denies the allegations in ¶3.27 of the Complaint.

24. Answering ¶4.1 of the Complaint, defendant admits that plaintiffs purport to state claims for alleged violation of the United States Constitution, the Federal Civil Rights Statute (42 USC § 1983), and State laws (RCW 7.24 and 7.40). Defendant denies those claims and each and every other allegation in ¶4.1 of the complaint.

25. Answering ¶4.2 of the Complaint, defendant admits that State law vests in the Washington Office of the Attorney General responsibility for the institution of civil enforcement proceedings. Defendant denies each and every other allegation in ¶4.2.

26. Answering ¶4.3 of the Complaint, defendant admits that there is a limited action under 42 USC §1983 that can be asserted against a state official in his or her official capacity only, and then only for prospective declaratory and injunctive relief. Defendant denies that plaintiffs can maintain such a suit and denies each and every other allegation of ¶4.3.

27. Defendant denies the allegations in ¶¶4.4 and 4.5 of the Complaint.

28. Answering ¶5.1 of the Complaint, defendant admits that this paragraph contains excerpted portions of the text from Article 1, Section 11 of Washington's Constitution. The text of Article 1, Section 11 speaks for itself. Defendant denies plaintiffs' characterization of Article 1, Section 11, and each and every other allegation of ¶5.1 of the Complaint.

29. Answering ¶5.2 of the Complaint, the allegations in this paragraph are legal contentions and argument that do not require responsive pleading. If formal answer were required, however, defendant denies these allegations as taken wholly of context and further denies that they apply to claims asserted in the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES
NO: 13-CV-05094RMP

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

30. Defendant denies the allegations in ¶¶5.3 through 5.8 of the Complaint.

31. Answering ¶6.1 of the Complaint, defendant lacks sufficient knowledge or information regarding the nature and sincerity of plaintiffs' beliefs and, therefore, denies the allegations in the first sentence of ¶6.1. Defendant denies each and every other allegation in ¶6.1 of the Complaint.

32. Defendant denies the allegations in ¶¶6.2 through 7.1 of the Complaint.

33. Answering ¶¶7.2 through 7.4 of the Complaint, defendant admits that the provisions and text of the First Amendment to the federal constitution and of Article 1, Section 5 of the State constitution speak for themselves. Defendant denies plaintiffs' argumentative characterizations of these provisions and each and every other allegation in ¶¶7.2 through 7.4.

34. Defendant denies the allegations in ¶¶ 7.5 through 7.7 of the Complaint.

35. Defendant denies the allegations in ¶¶ 8.1 through 8.4 of the Complaint and further denies that plaintiffs are entitled to judgment or any relief in this case.

36. Further answering the Complaint, defendant denies each and every allegation in the Complaint not previously or specifically addressed in this Answer.

By Way of FURTHER ANSWER and AFFIRMATIVE DEFENSES, defendant alleges that:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. The county in which this action was commenced is not the proper venue for said action.

3. The injuries and damages, if any, claimed by the plaintiff(s) were proximately caused or contributed to by the fault or wrongful conduct of plaintiff.

4. Defendants' actions as alleged in this case manifested a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither wrongful nor actionable.

ANSWER AND AFFIRMATIVE DEFENSES
NO: 13-CV-05094RMP

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

5. Defendant at all times acted in good faith in the performance of his duties and is therefore immune from suit for the matters charged in the Complaint.

6. The defendant State of Washington, its agencies and officers, are not subject to civil suit under the Eleventh Amendment of the Constitution of the United States.

7. The claims against the defendant are barred by the doctrine(s) of absolute or qualified immunity.

8. To the extent plaintiffs are seeking relief other than entirely prospective declaratory or injunctive relief, plaintiffs have failed to state an actionable claim under 42 U.S.C. §1983.

9. This case should be stayed under federal abstention doctrines.

10. Plaintiff's inequitable conduct in this case disentitles them to the equiable relief requested.

WHEREFORE, having answered the Complaint defendant asks that this court:

1. Dismiss the Complaint with prejudice and without costs to plaintiff;

2. Award defendant his reasonable costs and attorney fees; and

3. Award such other relief as deemed appropriate.

DATED this 27th day of August, 2013.

ROBERT W. FERGUSON
Attorney General

*/s/William G. Clark*
WILLIAM G. CLARK, WSBA No. 9234
Assistant Attorney General
Attorneys for Defendant Robert W. Ferguson, in his official capacity as Attorney General for the State of Washington
800 Fifth Ave., Suite 2000; Seattle, WA 98104
Tel: (206) 464-7352; Fax: (206) 587-4229
Email: BillC2@atg.wa.gov

ANSWER AND AFFIRMATIVE DEFENSES
NO: 13-CV-05094RMP

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Notification also sent via Electronic Mail and Fed Ex next day to:

JD Bristol, WSBA No. 29820
Gourley Bristol Hembree
1002 10th Street
Snohomish, WA 98290
jdb@snocolaw.com

Dale Schowengerdt, *pro hac vice*
Alliance Defending Freedom
15192 Rosewood Street
Leawood, KS 66224
dale@alliancedefendingfeedom.org

Alicia M. Berry, WSBA No. 28849
Liebler, Connor, Berry & St. Hilaire, PS
1411 N. Edison St., Ste C
Kennewick, WA 99336
ABerry@licbs.com

DATED this 27th day of August 2013.

/s/William G. Clark
WILLIAM G. CLARK, WSBA No. 9234
Assistant Attorney General
Attorneys for Defendant Robert W. Ferguson, in his official capacity as Attorney General for the State of Washington
800 Fifth Ave., Suite 2000; Seattle, WA 98104
Tel: (206) 464-7352; Fax: (206) 587-4229
Email: BillC2@atg.wa.gov

ANSWER AND AFFIRMATIVE DEFENSES
NO: 13-CV-05094RMP

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188